UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| BLISS COLLECTION, LLC, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 5:20-CV-217-CHB |
| ) | |
| v. ) | |
| ) | **MEMORANDUM OPINION AND** |
| LATHAM COMPANIES, LLC, ) | **ORDER** |
| ) | |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on Plaintiff Bliss Collection, LLC's Motion to Dismiss Defendant Latham Companies, LLC's Counterclaim with Prejudice [R. 25], and Defendant Latham Companies' Motion to Reconsider, Certify for Interlocutory Appeal, or Order Limited Discovery. [R. 28] Defendant responded to Plaintiff's Motion to Dismiss [R. 29], and Plaintiff replied, [R. 32]. Plaintiff further responded to Defendant's Motion to Reconsider [R. 33], and Defendant replied [R. 35]. The motions are ripe for resolution. For the reasons stated below, the Court will grant Plaintiff's Motion to Dismiss Defendant's Counterclaim, grant Defendant's Motion to Reconsider, and dismiss Plaintiff's trademark infringement claim for failure to state a claim.

**I.  Background**

In May 2020, Plaintiff filed its Complaint [R. 1], followed by its First Amended Complaint [R. 11], asserting claims of copyright infringement, trademark infringement, trade dress infringement, and various other related claims. Defendant moved to dismiss the Amended

Complaint under Rule 12(b)(6) [R. 14]. On March 16, 2021, the Court entered its Order Granting in Part and Denying in Part Defendant's Motion to Dismiss, dismissing Plaintiff's copyright infringement and trade dress infringement claims. [R. 22] The Court did not dismiss Plaintiff's trademark infringement claim because the "touchstone for liability" of a trademark infringement claim is whether use of the disputed mark could create a likelihood of confusion among consumers and "the likelihood of confusion is generally a question of fact that is inappropriate to resolve at the motion-to-dismiss stage." [*Id.* at 14 (quoting *Oaklawn Jockey Club, Inc. v. Kentucky Downs, LLC*, 687 F. App'x 429, 432 (6th Cir. 2017))]. The Court noted Defendant's argument that no one could possibly confuse Defendant's and Plaintiff's respective trademarks, but explained that "Defendant invites the Court to determine whether the marks are likely to cause confusion among consumers, but such a 'foundational fact' is inappropriate to determine at this time." [*Id.*] However, the Court noted that "some courts outside the Sixth Circuit have granted motions to dismiss for failure to state a claim where the trademarks are so dissimilar that no likelihood of confusion is plausible as a matter of law," and "the Court would likely conclude so here," if such a practice had any precedent in the Sixth Circuit. [*Id.* at 14 n.3]

      Defendant then filed its Answer and a counterclaim for attorney's fees, [R. 23] to which Plaintiff filed a Motion to Dismiss the counterclaims under Rule 12(b)(6) [R. 25]. Defendant subsequently filed a Motion for Reconsideration [R. 28], requesting that the Court reexamine its decision not to dismiss the trademark infringement claim or, in the alternative, certify the question of law for interlocutory appeal or limit discovery solely to the issue of similarity between the parties' respective marks. [R. 28] Plaintiff opposes all three requests. [R. 33]

## II. Plaintiff's Motion to Dismiss Defendant's Counterclaim for Attorney's Fees

Following the Court's March 16th Order [R. 22], granting in part Defendant's Motion to Dismiss and dismissing most of Plaintiff's claims under Rule 12(b)(6), Defendant filed its Answer to Plaintiff's First Amended Complaint and included counterclaims for attorney's fees. [R. 23] Plaintiff moved to dismiss the counterclaims with prejudice under Rule 12(b)(6) because Federal Rule of Civil Procedure 54(d)(2) and Local Rule 54.4 require a claim for attorney's fees to be raised by motion (i.e., not as a counterclaim) no later than 30 days after the entry of judgment.[1]

Dismissal is proper under Rule 12(b)(6) where a plaintiff (or counter-claimant) "fails to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A pleading that only "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" is insufficient. *Id.*

As an initial matter, Plaintiff makes the baseless argument that because Local Rule 54.4 requires a motion for attorney fees to be filed "no later than 30 days after entry of judgment," and the Court's Order granting in part Defendant's Motion to Dismiss was entered more than 30 days ago, Defendant's deadline to seek attorney's fees has passed. [R. 25 pp. 4-5] Rule 54, which Plaintiff cites repeatedly, clearly states that a "judgment" is "any order from which an appeal

---

[1] "A claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages." Fed. R. Civ. P. 54(d)(2)(A).

lies." Fed. R. Civ. P. 54(a). Further, it states that absent the entry of a final judgment with the express determination that there is no just reason for delay, "any order or other decision, however designated, that adjudicates fewer than all the claims . . . does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims . . . ." Fed. R. Civ. P. 54(b). Therefore, Plaintiff's argument that Defendant is too late because the Court's partial dismissal order was an "entry of judgment" is without merit. *See In re Refrigerant Compressors Antitrust Litig.*, 731 F.3d 586, 589 (6th Cir. 2013) ("When a single action presents multiple claims or involves multiple parties, a district court ruling that disposes of only some claims or only some parties is ordinarily not 'final.'"); *United States v. Noble*, No. 98-2236, 1998 WL 1758458, at *1 (6th Cir. Dec. 22, 1998) ("An order disposing of fewer than all the claims or parties involved in an action is not appealable absent a Fed. R. Civ P 54(b) certification."); *In re Saffady*, 524 F.3d 799, 802 (6th Cir. 2008) ("A decision that is final, and therefore appealable . . . is one 'that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'"). In the Court's March 16th Order, the Court clearly dismissed fewer than all of Plaintiff's claims and did not make an express Rule 54(b) certification. Therefore, the deadline to move for attorney's fees has not passed.

Nevertheless, Plaintiff is correct that Rule 54(d)(2)(A) and Local Rule 54.4 require that a claim for attorney's fees "must be made by motion" that is "filed no later than 30 days after entry of judgment." Accordingly, Defendant's "counterclaim" is inappropriate and will be dismissed.

Defendant argues that its claim for attorney's fees under the dismissed federal copyright claims that Defendant sought to dismiss under Rule 12(b)(6) [R. 8-1 p. 25] is different from the Kentucky Consumer Protection Act (KCPA) claim that Plaintiff asserted in its original

4

Complaint [R. 1 p. 47]. Plaintiff subsequently dropped the KCPA claim when it filed its Amended Complaint.[2] [R. 11] Defendant now argues that it is the "prevailing party" on the dropped KCPA claim[3] and Kentucky law requires that it plead its claim for attorney's fees as a counterclaim.

Indeed, in *O'Rourke v. Lexington Real Est. Co. L.L.C.*, 365 S.W.3d 584, 587 (Ky. Ct. App. 2011) the Kentucky Court of Appeals held that a party must "properly plead any claim for attorney's fees" and give the opposing party "notice of the claim" in the body of the complaint. *See also* Kurt A. Philipps, Jr. et al., *Kentucky Practice Series: Rules of Civil Procedure Annotated* Rule 54.04, cmt.7 (6th ed. 2020) ("[T]o recover attorney's fees pursuant to a statute or contract, a party should make a claim for attorney's fees in the body of its complaint or counterclaim."). However, regardless of what the proper procedure is for asserting a claim for attorney's fees under the KCPA in federal court, the Defendant is not a "prevailing party" on the KCPA claim and cannot assert a claim for attorney's fees now or later. Plaintiff filed its Amended Complaint within 21 days of Defendant filing its first Motion to Dismiss, therefore Plaintiff's amendment was as a matter of course under Rule 15(a)(1)(B). The claims that were eliminated from the Amended Complaint (such as the KCPA claim) were effectively dismissed without prejudice.[4] *See Martin v. MCAP Christiansburg, LLC*, No. 7:14CV464, 2015 WL

---

[2] Although Plaintiff did say in its "preliminary statement" in the Amended Complaint that it was bringing a claim for "deceptive trade practices under the [Kentucky] Consumer Protection Act," beyond that first paragraph the Amended Complaint never mentioned it again and Plaintiff now explicitly argues that it "omitted that claim in its first amended complaint." [R. 32 p. 5]

[3] The Kentucky Consumer Protection Act provides that a court may award reasonable attorney's fees and costs "to the prevailing party" in an action brought under the statute. Ky. Rev. Stat. § § 367.220(3); *Aesthetics in Jewelry, Inc. v. Brown, ex rel. coexecutors*, 339 S.W.3d 489, 498 (Ky. Ct. App. 2011) (holding that § 367.220(3) "provides for the possibility that the successful litigant, whether plaintiff or defendant, may be awarded attorney fees.").

[4] Defendant complains that if "Plaintiff no longer intends to pursue the KCPA claim, it should have filed a notice of voluntarily dismissal" under Rule 41(a) rather than "simply drop any reference to the claim" in its Amended Complaint. [R. 29] Doing so would have been improper. Rule 41(a) speaks of the voluntary dismissal of an *action*, but not individual claims. "Where a plaintiff desires to eliminate . . . one or more but less than all of several claims," this is "regarded as one of amendment that is governed by Rule 15," because Rule 41(a) "does not include dismissal

540183, at *3 (W.D. Va. Feb. 10, 2015) (holding that "the filing of the amended complaint has the effect of a voluntary dismissal of [certain claims] without prejudice."); *see, e.g.*, *Klyce v. Ramirez*, No. 87–5176, 1988 WL 74155, at *3 (6th Cir. July 19, 1988) ("[A]n amended pleading supersedes the original, the latter being treated as nonexistent[.]") (citations omitted).

Plaintiff's decision to drop the KCPA claim (effectively a voluntarily dismissal without prejudice) does not turn Defendant into a "prevailing party" with respect to that claim.[5] *Hodak v. Madison Cap. Mgmt., LLC*, No. CIV. A. 5:07-5-JMH, 2008 WL 5395957, at *1 (E.D. Ky. Dec. 18, 2008) (holding that dismissal without prejudice does not transform the opposing party into a "prevailing party."). However, Defendant may still move for attorney's fees as the prevailing party on the federal copyright claims. 17 U.S.C. § 505; *Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994). Therefore, Defendant's "counterclaim" for attorney's fees will be dismissed but with leave to file at the appropriate time in accordance with Rule 54(d)(2)(A) and Local Rule 54.4.[6] *See Sony/ATV Music Pub. LLC v. D.J. Miller Music Distributors, Inc.*, No. 3:09-CV-01098, 2011

---

of less than all the claims against any particular defendant." *Mgmt. Invs. v. United Mine Workers of Am.*, 610 F.2d 384, 395 n.22 (6th Cir. 1979) (quoting 5 James Wm. Moore et al., *Moore's Federal Practice* ¶ 41.05(3) (2d ed. 1978)). "It seems well established that when multiple claims are filed against a particular defendant, Rule 41(a) is applicable only to the voluntary dismissal of *all claims* against the defendant" and "a plaintiff who wishes to eliminate some claims but not others should do so by moving to amend pursuant to Rule 15." 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2362 (4th ed. 2008) (emphasis added). *See also* 8 James Wm. More et al., *Moore's Federal Practice* § 41.21 (3d ed. 2019) ("A plaintiff wishing to eliminate particular claims or issues from the action should amend the complaint under Rule 15(a) rather than dismiss under Rule 41(a).").

[5] In an analogous situation within the federal context, the Supreme Court has held that the term "prevailing party" means a party "who has been awarded some relief by the court." *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Hum. Res.*, 532 U.S. 598 (2001). The Supreme Court rejected the argument that a plaintiff could be a prevailing party when it "achieved the desired result because the lawsuit brought about a voluntary change in the defendant's conduct" but lacked a "judicially sanctioned change in the legal relationship of the parties." *Id.* In other words, the plaintiff cannot be the "prevailing party" when its litigation spurs voluntary change in the defendant's conduct but fails to obtain *court-ordered* relief. *Id.* Likewise, here the Defendant cannot be a "prevailing party" when Plaintiff voluntarily dropped a claim by amending its complaint as a matter of right and without any court involvement.

[6] To the extent Defendant argues that it is required to plead attorney's fees as "special damages" under Rule 9(g), the Court agrees with the district court's analysis in *Murphy v. Lazarev*, No. 3:10-CV-0530, 2015 WL 1868496 (M.D. Tenn. Apr. 23, 2015), *aff'd*, 653 F. App'x 377 (6th Cir. 2016) which concluded that attorney's fees generally do not constitute "special damages" and Rule 54(d)(2)(A) requires a party to assert its claim for attorney's fees by post-judgment motion.

WL 4729811, at *4 (M.D. Tenn. Oct. 7, 2011) (dismissing "counterclaim" for attorney's fees because the Local Rules "have established a very clear mechanism by which a party may seek attorneys' fees, and Defendants must comply with that process.").

### III. Defendant's Motion to Reconsider

District courts have the authority and discretion to reconsider and modify interlocutory orders at any point before final judgment. *Rodriguez v. Tennessee Laborers Health & Welfare Fund*, 89 F. App'x 949, 952 (6th Cir. 2004); *see also Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 12 (1983) (noting that "every order short of a final decree is subject to reopening at the discretion of the district judge"); *Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991) ("District courts have inherent power to reconsider interlocutory orders and reopen any part of a case before entry of a final judgment" including the ability to "modify, or even rescind, such interlocutory orders."). "Traditionally, courts will find justification for reconsidering interlocutory orders when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Rodriguez*, 89 F. App'x at 959. And although motions to reconsider should be used sparingly, the Court has "significant discretion" in whether to grant or deny such a motion. *Id.* at *8 n.7.

Defendant requests that the Court, on reconsideration, dismiss Plaintiff's remaining trademark infringement claim. [R. 28] In support of its Motion, Defendant cites to *Hensley Mfg. v. ProPride Inc.*, 579 F.3d. 603 (6th Cir. 2009), asserting that it "specifically authorizes dismissal of trademark claims based on likelihood of confusion under Rule 12 when claims are not plausible on their face." [R. 28] Defendant further argues that *Hensley* directly supports dismissal of Plaintiff's trademark infringement claim and suggests that the Court's analysis of *Hensley* was incomplete or mistaken.

7

As background, the Court will explain its reasoning with respect to Plaintiff's trademark claim in its March 16th Order. Defendant's Motion to Dismiss asked the Court to dismiss Plaintiff's claim because "[i]t is impossible to imagine how anyone could confuse" the parties' trademarks since "the marks simply are not similar or confusing on their face." [R. 14-1 p. 15; R. 21 p. 8] In declining to dismiss the trademark infringement claim, the Court explained that "likelihood of confusion is generally a question of fact that is inappropriate to resolve at the motion-to-dismiss stage" and so the Court turned down Defendant's invitation to essentially compare the two trademarks and conclude that they were so dissimilar that they were unlikely to cause confusion among consumers, as a matter of law. [R. 22 pp. 14-15] Nevertheless, the Court did observe that "a growing number of courts have dismissed a trademark infringement complaint on a Rule 12(b)(6) motion when the allegations of a likelihood of confusion are implausible in view of the facts alleged," such as when "the two marks are so different that even on the face of the complaint, there is no believable scenario under which confusion would be likely to occur." *Id.* at 14 n. 3 (quoting 6 *McCarthy on Trademarks and Unfair Competition* § 32:121.75 (5th ed.)). The Court also cited to *Le Book Pub., Inc. v. Black Book Photography, Inc.*, 418 F. Supp. 2d 305, 311 (S.D.N.Y. 2005) where the district court granted defendant's motion to dismiss, explaining that "the 'degree of similarity' element" in the likelihood of confusion analysis "overwhelms any possibility of confusion." The parties' had "obviously dissimilar marks," and so the "plaintiff's claim for trademark infringement fail[ed] as a matter of law." *Id.* at 311-12. In its March 16th Order, the Court declined to follow *Le Book*'s lead in the absence of any Sixth Circuit decision that likewise held that two trademarks (depicted in a complaint) were so dissimilar that no confusion was likely as a matter of law and the trademark infringement claim could be dismissed for failure to state a claim.

In its Motion for Reconsideration, Defendant suggests that *Hensley* "is the authority that the Court is looking for." [R. 35] Not quite. In *Hensley*, both parties were companies that sold products designed by the same person—Jim Hensley. *Hensley*, 579 F.3d at 606. The plaintiff owned the trademark for the last name "Hensley" and sued the defendant for using the full name "Jim Hensley" in its advertising materials to promote the products it sold that were designed by him. *Id.* The district court dismissed plaintiff's trademark infringement claim and the Sixth Circuit affirmed. *Id.* The Court explained that the third element of a trademark infringement claim (likelihood of confusion) typically requires an eight-factor analysis,[7] but that it also "involves a preliminary question: whether the defendants 'are using the challenged mark in a way that identifies the source of their goods.'" *Id.* at 610 (quoting *Interactive Prod. Corp. v. a2z Mobile Off. Sols., Inc.*, 326 F.3d 687, 695 (6th Cir. 2003)). If the mark is only being used in a "non-trademark way" then "trademark infringement laws, along with the eight-factor analysis, do not even apply." *Id.* This is because a trademark identifies the *source* of a product, and if a mark is not being used in that manner, no consumer confusion (as to where the product comes from) can exist. *Id.* The Sixth Circuit explained that plaintiff's complaint in *Hensley* did not allege sufficient facts that consumer confusion was likely because the defendant used Jim Hensley's name "not [to] signify the *source* of [defendant's] products," but only to identify Jim Hensley as the designer. *Id.* at 610-11 (emphasis added). Therefore, the Sixth Circuit affirmed the district court's dismissal because the defendant was not using the disputed trademark like a trademark (i.e., to identify the source of its products). *Id.*

---

[7] The factors considered by the court include: (1) the strength of the senior mark; (2) the relatedness of the goods or services; (3) the similarity of the marks; (4) evidence of actual confusion; (5) the marketing channels used; (6) the likely degree of purchaser care; (7) the intent of the defendant in selecting the mark; and (8) the likelihood of expansion of the product lines. *Daddy's Junky Music Stores, Inc.*, 109 F.3d at 280.

9

In other words, *Hensley* did not hold that two marks that are obviously dissimilar means any likelihood of confusion is implausible as a matter of law. Rather, *Hensley* looks at how the disputed mark is allegedly *used*, and if it is not being used like a trademark then no likelihood of consumer confusion over the *origin of the products* could exist because the mark is not being used to indicate where the product came from. *Hensley*, 579 F.3d at 610; *see also Daddy's Junky Music Stores, Inc.*, 109 F.3d at 280 ("The touchstone of liability . . . is whether the defendant's use of the disputed mark is likely to cause confusion among consumers regarding the origin of the goods offered by the parties.") (emphasis added). As the Court noted in its March 16th Order, "[h]ere, Plaintiff alleges, and Defendant does not dispute, that the Defendant's trademark is being used to identify the source of their goods (i.e., in a trademark way)." [R. 22 at 14 n.2] So while Defendant is correct, in a broad sense, that *Hensley* supports the possibility that a Court may dismiss a trademark infringement claim on a Rule 12 motion,[8] the *specific* holding of *Hensley* is inapplicable because there is no suggestion that Defendant is using the disputed trademark in a "non-trademark way."[9]

Further, this Court noted that *Hensley* held that "likelihood of confusion is generally a question of fact." *Hensley*, 579 F.3d at 613 (quoting 32 *Federal Procedure, Lawyer's Edition* § 74:507 (2008)). Therefore, because determining whether the two marks were likely to cause confusion was a "foundational fact" that was inappropriate to determine on a motion to dismiss,

---

[8] And of course, the Court never suggested otherwise. A trademark infringement claim can be dismissed on a Rule 12(b)(6) motion when the plaintiff fails to allege sufficient facts that "raise a right to relief above the speculative level" and fails state a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The Court does not need to look to *Hensley* to establish that.
[9] Defendant also cites *Toho Co. v. Sears, Roebuck & Co.*, 645 F.2d 788 (9th Cir. 1981) where the Ninth Circuit held that no likelihood of confusing customers was plausible because it was undisputable that the defendant's and plaintiff's goods were "unrelated as a matter of law" and the allegation that the defendant intended to confuse consumers was implausible. *Id.* at 790-91. Here, Defendant does not contend that its goods are unrelated as a matter of law to Plaintiff's; therefore, *Toho* is also not on point.

the Court declined to do so. [R. 22 p. 15] The Court then went on to find that "Plaintiff has alleged likely consumer confusion due to the supposed similarity between the marks, has stated a few specific instances of plausible consumer confusion, and has alleged that Defendant's intent in using the disputed mark is to cause confusion among consumers." [*Id.*] Construing these allegations in the light most favorable to the Plaintiff, the Court found Plaintiff had alleged sufficient facts to state a claim for trademark infringement. [*Id.*]

On reconsideration, the Court acknowledges an error in its analysis of Plaintiff's pleadings in its March 16th Order. Defendant argues that Plaintiff's allegations of "consumer confusion" (as supported by exhibits attached to the Amended Complaint) do not relate to the parties' *trademarks*; rather, they only support an inference of consumer confusion over the parties' respective products (children's clothing) because the *products* look similar, not the trademarks. [R. 35] The Court agrees.

"The touchstone of liability [for trademark infringement] is whether the defendant's *use of the disputed mark* is likely to cause confusion among consumers regarding the *origin of the goods* offered by the parties." *Hensley*, 579 F.3d at 610; 15 U.S.C. § 1114(1)(a) (defining trademark infringement as "use in commerce" of "any reproduction, counterfeit, copy, or colorable imitation of a registered mark" where "such use is likely to cause confusion, or to cause mistake, or to deceive[.]") (emphasis added). "Our inquiry focuses on whether a consumer is likely to notice the plaintiff's trademark . . . and then think that the defendant's product may be produced by the same company." *Oaklawn Jockey Club*, 687 F. App'x at 432 (quoting *Interactive Prods. Corp.*, 326 F.3d at 695) (cleaned up)). Thus, a trademark infringement claim is generally not that the parties' products are causing confusion, but that the disputed mark is. *See, e.g.*, 4 *McCarthy on Trademarks and Unfair Competition* § 23:5 (5th ed.) (explaining that

11

"product confusion is not the kind of confusion that is at issue in the usual trademark case," rather, it is "confusion over source" or perceived affiliation caused by similar marks); *Qualitex Co. v. Jacobson Products Co., Inc.*, 514 U.S. 159, 163-64 (1995) (explaining one of the objectives of trademark law is to allow a potential customer to know an item with a particular mark "is made by the same producer as other similarly marked items that he or she liked (or disliked) in the past.").

In this case, the "disputed mark" is Defendant's trademark, and to state a claim, Plaintiff must have alleged sufficient facts to plausibly claim that the *use* of that mark is likely to cause consumer confusion regarding the origin of the goods (i.e., where the products came from). *Id.* On reconsideration, the Court finds that Plaintiff fails to do so, and the claim must be dismissed. *D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir. 2014) (explaining that a complaint must "contain either direct or inferential allegations respecting all material elements necessary for recovery under a viable legal theory.").

Plaintiff alleged that when the respective trademarks are "seen on a clothing garment tag . . . these logos appear nearly identical in nature and are very likely to cause consumer confusion between the brands" and that "instances of consumer confusion are already occurring between the two companies." [R. 11 p. 23] Further, Plaintiff inserted images of the trademarks into the body of the Amended Complaint (Plaintiff's on the left; Defendant's on the right). [*Id.* p. 22]



Beyond the bare statement that consumer confusion is occurring, Plaintiff supported this allegation with exhibits attached to the Amended Complaint showing specific instances of actual consumer confusion.[10] [R. 11 pp. 46-47; R. 11-10 (exhibit J); R. 11-11 (exhibit K); R. 11-12 (exhibit L); R. 11-13 (exhibit M)] Most of the exhibits show social media posts with pictures of children's clothing improperly "tagged" with the opposing parties' business name [R. 11-10 pp. 2-6], comments on social media from users mistaking a pictured clothing item as being from the wrong party's store [*Id.* p. 6], social media users commenting that the parties' products look similar [R. 11-11 p. 5], or stating that the company's founders are related [R. 11-13 p. 2]. Another exhibit is an instance of a customer attempting to return one of Defendant's products to Plaintiff for a refund. [R. 11-12] Notably, none of these exhibits show consumer confusion caused by the parties' trademarks. Thus, construing Plaintiff's factual allegations in a light most favorable to Plaintiff and assuming the facts to be true for purposes of the motion, the Court finds that these factual allegations can only reasonably support an inference that customers confuse the parties' products, but *not* that any confusion is caused by the "use" of Defendant's

---

[10] It was this evidence of customers and potential customers being actually confused that the Court initially found was sufficient to plausibly allege consumer confusion. As explained in this Order, the Court reverses that finding.

trademark. The remainder of Plaintiff's allegations regarding consumer confusion consists of "labels and conclusions" and "a formulaic recitation of the elements of a cause of action," which are all insufficient to state claim. *Iqbal*, 556 U.S. at 678, 681. Plaintiff's Amended Complaint simply restates, in various ways, that consumers are confused or likely to be confused because of the parties' "similar" marks. But such "legal conclusions . . . must be supported by factual allegations." *Id.* at 664. Therefore, the Court will dismiss Plaintiff's trademark infringement claim for failure to state a claim under Rule 12(b)(6).

Further, as the Court noted in its March 16th Order, Plaintiff's claims for federal false designation of origin, Kentucky common law trademark infringement, federal unfair competition, and Kentucky common law unfair competition are substantively the same as the federal trademark infringement claim and will rise and fall together. *Audi AG v. D'Amato*, 469 F.3d 534, 542 (6th Cir. 2006); *Champions Golf Club, Inc. v. The Champions Golf Club, Inc.*, 78 F.3d 1111, 1123 (6th Cir. 1996); *Maker's Mark Distillery, Inc. v. Diageo N. Am., Inc.*, 703 F. Supp. 2d 671, 688 (W.D. Ky. 2010), *aff'd,* 679 F.3d 410 (6th Cir. 2012). Accordingly, those claims will be dismissed as well.

**IT IS ORDERED** as follows:

1. Plaintiff's Motion to Dismiss Defendant's Counterclaim for Attorney's Fees [**R.25**] is **GRANTED** and Defendant's counterclaim is dismissed.

2. Defendant's Motion for Reconsideration [**R. 28**] is **GRANTED**.

3. Plaintiff's remaining claims are **DISMISSED** for failure to state a claim, and this matter is **STRICKEN** from the Court's docket.

This the 28th day of June, 2021.

*Claria Horn Boom*
CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY