UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| BLISS COLLECTION, LLC, )<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>LATHAM COMPANIES, LLC, )<br>)<br>)<br>Defendant. )<br>) | NO. 5:20-CV-217-CHB-MAS |

**REPORT & RECOMMENDATION**

This matter is before the Court upon referral from the district court to make findings of fact and issue a report and recommendation on Defendant Latham Companies, LLC d/b/a little english's (hereinafter "little english") Motion for Attorney's Fees.[1] [Motion at DE 38; Referral at DE 44]. Plaintiff Bliss Collection, LLC d/b/a bella bliss (hereinafter "bella bliss") responded in opposition [DE 51] and little english replied [DE 52]. The matter is ripe for decision. For the reasons that follow, the undersigned recommends the Court GRANT little english's request for

---

[1] The referral order from Judge Boom cites 28 U.S.C. § 636(b)(1)(A) as a basis for the undersigned to resolve the motion for attorneys' fees. [DE 44]. However, because the request is dispositive of little english's counterclaim for attorneys' fees [DE 23], the undersigned, in consultation with Judge Boom, issues the opinion under section (b)(1)(B). *See, e.g.*, *Paris v. U.S. Dept. of Housing and Urban Development*, 795 F. Supp. 513 (D.R.I. 1992) (A post-judgment motion for attorneys' fees may be referred to a magistrate judge under § 636(b)(3) for a report and recommendation subject to de novo review). *Cf.*, *Esates of Ungar and Ungar v. Palestinian Authority*, 325 F. Supp. 2d 15 (D.R.I. 2004) (A magistrate judge's determination to award attorneys' fees as a discovery sanction pursuant to FED. R. CIV. P. 37 is a non-case-dispositive matter, and the district court may review the magistrate judge's order under the clearly erroneous standard under section (b)(1)(A)).

attorneys' fees pursuant to 17 U.S.C. § 505 and DENY little english's request for attorneys' fees pursuant to 15 U.S.C. § 1117(a).

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

### A. ALLEGATIONS SET FORTH IN AMENDED COMPLAINT

bella bliss and little english, in addition to sharing an aversion to capitalization for proper names, both design and sell "high-end infant, children, and women's" clothing. [DE 11, ¶ 7]. bella bliss was founded in 1999 by Elizabeth McLean, Shannon Latham, and Jennifer Vernooy. [*Id*. at ¶ 8]. The company designs "primarily children's clothing, swimwear, hats, blankets, pillows, and other related children's items, as well as women's clothing and accessories." [*Id*. at ¶ 10]. As part of its business, bella bliss copyrighted numerous designs for its children's clothing, including specific designs and colors for monkeys, butterflies, frogs, snails, submarines, horses, turtles, and whales all utilized in its product line. [*Id*. at ¶¶ 22-41]. Likewise, bella bliss sought a trademark for BELLA BLISS B & Design for countless products. [*Id*. at ¶¶ 42-54].

In 2004, after selling her interest in bella bliss, Latham founded little english. [*Id*. at ¶¶ 65-73]. According to its Amended Complaint, bella bliss alleges that little english began using designs that not only infringed on its copyrighted designs, but also its trademark. For example, bella bliss alleges that the design of the monkeys holding a vine in its right hand utilized by bella bliss was a mirror image to the design of a monkey holding a vine in its right hand used by little english. [*Id*. at ¶¶ 94-100]. Moreover, the trademark for little english emphasized the same baby blue color as long used by bella bliss. [*Id*. at ¶¶ 81-93].

Based upon these allegations, bella bliss filed suit alleging federal copyright infringement, federal and state trademark infringement, federal trade dress infringement, federal false designation of origin and misappropriation of source, and federal and state unfair competition. [*Id*. at ¶¶ 176-253].

B.    **MOTION TO DISMISS BY LITTLE ENGLISH**

little english sought to dismiss all claims asserted by bella bliss pursuant to Rule 12(b). The Court initially agreed with some of its arguments, but not all.

For both bella bliss's state and federal copyright claims, little english contended that the designs as described and depicted in the Amended Complaint were not so substantially similar as to merit relief. The Court agreed.

> The differences between Plaintiff's works and Defendant's are numerous and, although the works could be easily categorized within the same genre of style, "[a] general impression of similarity is not sufficient." *Mihalek Corp. v. State of Mich.*, 814 F.2d 290, 295 (6th Cir. 1987). Moreover, "as a matter of logic as well as law, the more numerous the differences between two works the less likely it is that they will create the same aesthetic impact so that one will appear" to be substantially similar to the other. *Id*.
>
> …
>
> Because the Court concludes that Plaintiff and Defendant's works are not substantially similar as a matter of law, Plaintiff's copyright infringement claims do not "plausibly give rise to an entitlement to relief" and will be dismissed.

[DE 22, Page ID# 1231-33].

The Court also agreed with little english's attacks on bella bliss's claims of trade dress. "The parties extensively dispute whether the Plaintiff alleged sufficient facts to state that its trade dress is 'distinctive.' However, because Plaintiff has failed to allege the second element (non-functionality), the Court will dismiss Plaintiff's trade dress claims on those grounds." [*Id*. at Page ID# 1237].

But little english's remaining arguments fell short. For the trademark infringement claims, the Court found that bella bliss had properly alleged that it owns the registered trademarks, that there is consumer confusion over the trademarks, and that little english was intentionally using the trademarks to cause confusion. [*Id*. at Page ID# 1236]. Because bella bliss's remaining claims

3

rise and fall with the trademark claims, the Court concluded those claims could proceed as well. [*Id*. at Page ID# 1239].

C.     **MOTION FOR RECONSIDERATION BY LITTLE ENGLISH**

little english, undaunted, filed a motion for reconsideration. In it, little english argued that the Court should dismiss bella bliss's trademark infringement claim based upon *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603 (6th Cir. 2009). Without revisiting the Court's detailed rationale, the Court rejected little english's interpretation of *Hensley*. [DE 36, Page ID# 1343-46 ("In its Motion for Reconsideration, [little english] suggests that *Hensley* 'is the authority that the Court is looking for.' Not quite.")].

In its reply brief, however, little english asserted another argument that won the day. Specifically, little english cited that the evidence of "consumer confusion" presented by bella bliss in its Amended Complaint was related to the copyright claims, **not** the trademark claims. [DE 35, Page ID# 1332-33]. The Court, upon reconsideration, agreed. [DE 36, Page ID# 1346]. "In this case, the 'disputed mark' is Defendant's trademark, and to state a claim, Plaintiff must have alleged sufficient facts to plausibly claim that the use of that mark is likely to cause consumer confusion regarding the origin of the goods (*i.e.*, where the products came from). On reconsideration, the Court finds that Plaintiff fails to do so, and the claim must be dismissed." [*Id*. at Page ID# 1347 (internal citations omitted)]. And because bella bliss's claims for federal false designation of origin, Kentucky trademark infringement, and both state and federal unfair competition all hinged upon the federal trademark infringement claim, those claims were dismissed as well. [*Id*. at Page ID# 1349].

II.     ANALYSIS

Both 15 U.S.C. § 1117(a) and 17 U.S.C. § 505 permit a prevailing party to seek attorneys' fees in, respectively, copyright and trademark infringement lawsuits. For the former, attorneys'

4

fees are permitted in the discretion of the Court. For the latter, "court in exceptional cases may award reasonable attorney fees to the prevailing party."

Under both statutory schemes, to make a claim for attorneys' fees, the claimant must be the prevailing party. *See* 15 U.S.C. § 1117 ("The court in exceptional cases may award reasonable attorney fees to the prevailing party."); 17 U.S.C. § 505 ("[T]he court may ... award a reasonable attorney's fee to the prevailing party."). little english sought and obtained the dismissal of bella bliss's claims of copyright infringement and trade dress as set forth in the Amended Complaint. Through its motion for reconsideration, little english also obtained dismissal of bella bliss's claims for trademark infringement, federal false designation of origin, Kentucky trademark infringement, and both state and federal unfair competition. Without question, for those claims asserted in bella bliss's Amended Complaint, little english is the prevailing party.[2]

From here, the issue before the Court is whether little english is entitled to fees under either or both statutes.

A. **ATTORNEYS' FEES ARE NOT WARRANTED AS AN "EXCEPTIONAL CASE" FOR BELLA BLISS'S TRADEMARK CLAIMS.**

As mentioned above, attorneys' fees based on trademark infringement under 15 U.S.C. § 1117(a) are available only "in exceptional cases." An exceptional case is one that "stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014). District courts "determine whether a case is exceptional in the case-by-case exercise of their discretion,

---

[2] The parties spend significant effort talking past each other concerning the impact of the claims initially asserted by bella bliss in its Complaint that were dropped when bella bliss filed its Amended Complaint relevant to the current motion. As the Court previously established, little english cannot be the prevailing party on any such claims. [DE 36, Page ID# 1338-42].

considering the totality of the circumstances." *Evoqua Water Techs., LLC v. M.W. Watermark, LLC*, 940 F.3d 222, 235 (6th Cir. 2019). To be clear, however, attorneys' fees in these cases are "rare" as opposed to common. *Octane Fitness*, 572 U.S. at 553. A party's position on issues of law ultimately need not be correct for them to not 'stand[ ] out,' or be found reasonable." *SFA Sys., LLC v. Newegg Inc.*, 793 F.3d 1344, 1348 (Fed. Cir. 2015) (citing *Octane Fitness*, 572 U.S. at 554). "[W]here a party has set forth some good faith argument in favor of its position, it will generally not be found to have advanced 'exceptionally meritless' claims." *Small v. Implant Direct Mfg. LLC*, No. 06-cv-683, 2014 WL 5463621, at *3 (S.D.N.Y. Oct. 23, 2014) (citations omitted).

In the end, bella bliss's trademark claims are not so weak as to be ***exceptionally*** weak. In fact, bella bliss survived little english's initial attempt at dismissal. Only upon reconsideration and only through an argument raised over a single page in its reply brief did little english hit upon an argument that resonated with the Court. And even then, the argument was that although bella bliss had repeatedly asserted consumer confusion relevant to its copyright design claims, it failed to do so in its section discussing its trademark claim. Failing to plead an element of a claim is fatal, but bella bliss was not outside the color of the law, especially given that it had plead that same element relevant to its copyright claims. *Caudill Seed & Warehouse Co. v. Jarrow Formulas, Inc.*, No. 3:13-cv-82-CRS-CHL, 2016 WL 6824401, at *6 (W.D. Ky. Nov. 17, 2016) (noting that "if a plaintiff sues under 'colorable, yet ultimately losing argument,' an award of attorney fees is inappropriate").

In support of its position, little english cites to several cases where fees were granted, all in cases where a non-prevailing party "delayed the case", "fail[ed] to provide responsive answers during discovery", "delay[ed] summary judgment litigation", and/or selected a venue that was an intentional hardship for the prevailing party. [DE 38-1, Page ID# 1370]. None of those

6

exceptional circumstances are present in the current case. There is no evidence that bella bliss obfuscated or in any way delayed the litigation. There is also no evidence that bella bliss chose a venue that was inconvenient to little english. Rather, little english has provided ample cases that distinguish the current case from those where the trial court granted a request for attorneys' fees.

The only substantive argument advanced by little english concerning the veracity of bella bliss's trademark claims is that little english succeeded in dismissing those claims. But that is not enough. [DE 51, Page ID# 1519]. "[T]he case law makes clear that a party's arguments are not objectively unreasonable simply because they did not carry the day." *SFP Works, LLC v. Buffalo Armory, LLC*, No. 14-13575, 2017 WL 9474212, at *2 (E.D. Mich. Apr. 18, 2017) (collecting several cases), report and recommendation adopted by 2017 WL 4051564 (E.D. Mich. Sept. 13, 2017). *Id*. at *3 (recognizing that *Octane Fitness* "still sets a very high bar and makes clear that attorneys' fees should only be awarded in rare or unusual cases"). Simply because little english prevailed is not enough to turn this case into an "exceptionally meritless" case warranting attorneys' fees. *Small*, 2014 WL 5463621 at *3.

**B.     ATTORNEYS' FEES ARE WARRANTED FOR BELLA BLISS'S COPYRIGHT CLAIMS.**

In contrast to the exceptional nature of a fee award in a trademark case, an award for attorneys' fees is the "'rule rather than the exception'" in a copyright infringement lawsuit. *Balsley v. LFP, Inc.*, 691 F.3d 747, 773 (6th Cir. 2012) (quoting *Bridgeport Music, Inc. v. WB Music Corp. (WB Music II)*, 520 F.3d 588, 592 (6th Cir. 2008)). The primary consideration in deciding a motion for fees in a copyright case is whether an award will further the policies and objectives of the Copyright Act. *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n. 19 (1994).

> Because copyright law ultimately serves the purpose of enriching the general public through access to creative works, it is peculiarly important that the boundaries of copyright law be demarcated as clearly as possible. To that end, defendants who seek to advance a variety of meritorious copyright defenses should be encouraged to litigate them to the same extent that plaintiffs are encouraged to litigate

7

meritorious claims of infringement. ... Thus, **a successful defense of a copyright infringement action may further the policies of the Copyright Act every bit as much as a successful prosecution of an infringement claim by the holder of a copyright**.

*Id*. at 527 (emphasis added). However, the decision to grant attorney's fees remains within the trial court's discretion. 17 U.S.C. § 505; *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994). Generally, the trial court must examine four factors in determining the necessity of attorneys' fees: (1) frivolousness; (2) motivation; (3) objective unreasonableness (both in the factual and legal components of the case); and (4) the need in particular circumstances to advance consideration of compensation and deterrence. *Balsley*, 691 F.3d at 773. The four factors are "non-exclusive," and a negative finding on one or more factors does not preclude an award of fees. *Thoroughbred Software Intern., Inc. v. Dice Corp.*, 488 F.3d 352, 361 (6th Cir. 2007); *See Balsley*, 691 at 773 (affirming an award of fees where the district court found some factors in favor of the prevailing party and some against).

1.  **Frivolousness and Objective Reasonableness of the Claims**

The Court previously summarized the requirements to support a copyright infringement claim:

> To state a claim for copyright infringement, the plaintiff must allege: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'n Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991). … "Since direct evidence of copying is rarely available, a plaintiff may establish an inference of copying by showing (1) access to the allegedly-infringed work by the defendant(s) and (2) a substantial similarity between the two works at issue." *Stromback v. New Line Cinema*, 384 F.3d 283, 293 (6th Cir. 2004) (quoting *Ellis v. Diffie*, 177 F.3d 503, 506 (6th Cir. 1999) (internal quotation omitted)).

[DE 22, Page ID# 1224].

As detailed in the Court's opinion granting dismissal of the copyright claims, bella bliss's Amended Complaint fell short on its face. Although the arguments and position of bella bliss were far from sanctionable, the position was of such a nature that the Court could determine, "from the

perspective of the ordinary observer, the works are not substantially similar as a matter of law. . . . The differences between Plaintiff's works and Defendant's are numerous and, although the works could be easily categorized within the same genre of style, '[a] general impression of similarity is not sufficient.'" [DE 22, Page ID# 1232 (internal citations omitted)]. In other words, bella bliss took a position in which the Court concluded that "no trier of fact could rationally determine the two [works] to be substantially similar." *Tanksley v. Daniels*, 902 F.3d 165, 172 (3d Cir. 2018).

bella bliss counters that simple dismissal of a copyright claim does not equate to a frivolous or objectively unreasonable claim. In support, bella bliss cites several decisions that denied attorneys' fees even when a plaintiff's claims were dismissed. [DE 51, Page ID# 1511]. But these cases were factually distinct and in different postures. For example, in *Seltzer v. Green Day, Inc.*, 725 F.3d 1170 (9th Cir. 2013), the Ninth Circuit vacated the trial court's award of attorney's fees in an extremely "close and difficult case" where the flaw in plaintiff's case was "far from obvious." This dispute is not that. As the Court set forth in its dismissal of bella bliss's copyright claims: "To make Plaintiff's designs seem similar to Defendant's requires description of each in too general or abstract a manner. And to the extent Defendant has copied anything, it has copied the *idea* of a smiling monkey hanging from a vine, a trotting horse with a saddle and saddle blanket, or a smiling whale blowing water out of its blowhole, just to name a few. It has not copied the particularized *expression* of those ideas." [DE 22, Page ID# 1234 (emphasis in original)].

These factors and the decisions of the courts are driven by the facts and circumstances of each case. Here, Court cannot go so far as to call this lawsuit *wholly* frivolous or objectively unreasonable; however, the claims bella bliss presented were so deficient that they could not survive a Rule 12(b) motion. When considered in light of the problematic motivations for this

9

lawsuit discussed below, the Court finds these factors tip slightly in favor of granting the motion for attorneys' fees.

### 2. Motivation & Consideration of Compensation and Deterrence

There is little dispute that there is long-standing friction between these two parties as they compete in the industry and a founder for one became a founder of the other. The most recent spat between the parties concerns a dispute over the use of a certain garment manufacturer. The dispute culminated in little english filing a lawsuit against bella bliss in Fayette Circuit Court in Kentucky for tortious interference with little english's contract with the garment manufacturer. [DE 38-1, Page ID# 1362]. The lawsuit was filed on February 28, 2020. [*Id.*] Just two months later, in response, bella bliss sent a letter threatening the current lawsuit. [Id. at Page ID# 1374-1393]. Although the two are not directly linked, circumstances would suggest that bella bliss's motivations in filing the current lawsuit was, in part, a leverage tactic relevant to the dispute pending in Fayette Circuit Court. This does not mean that bella bliss's claims were vexatious, but it also does not mean that its motivation was entirely innocent, either.

Moreover, in preparing for this lawsuit, little english alleges that bella bliss "registered five of its alleged copyrights in the weeks just before it filed its Complaint, despite the designs allegedly having been created in the early 2000s." [DE 38-1, Page ID# 1360]. Although there is nothing improper about these actions, such behavior suggests that these actions were taken with the hope of gaining an advantage in the Fayette Circuit litigation through the initiation of litigation, as opposed to defending long-standing copyright designs.

The Court does not suggest that any litigation tactic taken by bella bliss was unprofessional or improper, but these facts would suggest that the motivation was not purely protective of its copyrighted designs. This factor weighs in favor of granting the request for attorneys' fees. As the Supreme Court stated, "a successful defense of a copyright infringement action may further

the policies of the Copyright Act every bit as much as a successful prosecution of an infringement claim by the holder of a copyright." *Fogerty*, 510 U.S. at 527.

Ultimately, bella bliss filed numerous copyright claims against little english that were dismissed. In the interim, however, little english expended huge resources in defending the claims and navigating the various litigation tactics taken by bella bliss. Although that is typically the cost of doing business in the American legal system, the Copyright Act provides attorneys' fee to the prevailing party as a "'rule rather than the exception.'" *Balsley*, 691 F.3d at 773. The circumstances here as well as the statute demand compensation to little english for such efforts.

### III.  CONCLUSION

For the reasons stated herein, the Court **RECOMMENDS** the District Court find as follows:

(1) little english's claim for attorneys' fees pursuant to 15 U.S.C. § 1117(a) (Amended Complaint Counts II, III, IV, and VI) be **DENIED**; and

(2) little english's claim for attorneys' fees pursuant to 17 U.S.C. § 505 (Amended Complaint Count I) be **GRANTED**.

Further, **IT IS ORDERED** that little english shall file amended affidavits of attorneys' fees reflecting only the fees related to the copyright infringement claims not later than ten (10) days from the date of this Report and Recommendation. The Court will then determine the appropriate amount of fees to be awarded to little english and issue a Report and Recommendation to that effect. Upon entry of that Report and Recommendation, the parties will have fourteen (14) days within which to file objections to **both** Report and Recommendations for *de novo* determination by the District Judge. The undersigned enters this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b).

Entered this 18th day of November, 2021.



Signed By:
Matthew A. Stinnett
United States Magistrate Judge