UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| BLISS COLLECTION, LLC, ) | |
| ) | |
| ) | |
| Plaintiff, ) | |
| ) | NO. 5:20-CV-217-CHB-MAS |
| v. ) | |
| ) | |
| LATHAM COMPANIES, LLC, ) | |
| ) | |
| ) | |
| Defendant. ) | |
| ) | |

## SUPPLEMENTAL REPORT & RECOMMENDATION

This matter is before the Court upon Latham Companies, LLC (d/b/a "little english") filing its amended affidavit for attorneys' fees, as directed by the Court in its prior Report and Recommendation.[1] [DE 53].

The Court previously recommended the district court find that little english is entitled to attorneys' fees pursuant to 17 U.S.C. § 505 for prevailing on the copyright infringement claims Plaintiff Bliss Collection, LLC (d/b/s "bella bliss") brought against it in Count I of the Amended Complaint. The Court also recommended the district court find that little english was not entitled to attorneys' fees pursuant to 15 U.S.C. § 1117(a) for the trademark claims brought against it in Amended Complaint Counts II through VI. [*See* Report and Recommendation at DE 53]. In accordance with those recommendations, the Court instructed little english to file an amended affidavit for attorneys' fees reflecting only the fees attributable to the copyright infringement

---

[1] The Court's Report and Recommendation at DE 53 sets forth the procedural and factual history of the case, as well as the referral posture.

1

claims. *See Bridgeport Music, Inc. v. Diamond Time, Ltd.*, 371 F.3d 883, 893 (6th Cir. 2004) (holding that "the district court properly deducted 20% of the reasonable attorney fees incurred in this action to account for fees incurred in defense of [claims other than the copyright claim]."). little english amended its affidavit as directed. [DE 54].

Upon review of the amended affidavit for attorneys' fees and accompanying time records, the Court finds the fees are reasonable. Exclusion of the trademark claims reduced the fees from $111,650 to $78,925.[2] [DE 54-1 at Page ID # 1576]. The Court accepts counsel's assertions that a significant portion of the fees reflect time spent on the case involved activities that were inextricably intertwined with the trademark claims. The trademark claims in this case were closely related, factually and legally, to the copyright claim. It is fair and reasonable that many of the hours counsel spent in researching, drafting, and meeting with the client cannot be attributed solely to the copyright claim or the trademark claims in this circumstance. The hours expended and counsel's hourly rates are appropriate for this type of case and commensurate with the fees typically charged in similar cases. Thus, the Court will recommend an award of $78,925 in attorneys' fees.

The Court rejects, however, the additional $2,725 in fees for reviewing records, researching, and preparing the amended attorneys' fee affidavit. Though the Court understands this was time counsel expended on this matter, these fees are not related to the copyright claims. And although the Court appreciates counsel being detailed and thorough, the time expended appears excessive. *See Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994) (holding that "'[t]here

---

[2] little english's original motion for attorney's fees on July 28, 2021 [DE 38], requested $89,350 in total fees for all claims. It appears this number increased to $111,650 at the time of the amended affidavit due to the post-judgment briefing and Sixth Circuit practice.

2

is no precise rule or formula for making these [attorneys' fee] determinations,' but instead equitable discretion should be exercised 'in light of the considerations we have identified.'").

Accordingly, for the reasons stated above, the Court **RECOMMENDS** the district court award attorneys' fees in the amount of $78,925 to Defendant little english. The parties shall have fourteen (14) days within which to file objections to this Supplemental Report and Recommendation as well as the Report and Recommendation at DE 53 for *de novo* determination by the Judge Boom. The undersigned enters this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b).

Entered this 22nd day of February, 2022.



Signed By:
Matthew A. Stinnett   MAS
United States Magistrate Judge