UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| BLISS COLLECTION, LLC, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 5:20-CV-217-CHB |
| ) | |
| v. ) | |
| ) | **ORDER** |
| LATHAM COMPANIES, LLC, ) | |
| ) | |
| Defendant. ) | |
| ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on three motions. First, Defendant Latham Companies, LLC ("Latham") filed a Motion for Summary Judgment, seeking summary judgment on all remaining claims under the doctrine of laches. [R. 75]; *see also* [R. 73 (Memorandum in Support of Motion for Summary Judgment)]. Plaintiff Bliss Collection, LLC ("Bliss") responded, [R. 76], and Latham replied. [R. 78]. Next, Latham filed a Motion to Strike, [R. 79], which is fully briefed. [R. 79 (Response)]; [R. 81 (Reply)]. Lastly, Bliss filed a Motion to Strike, [R. 82], which is also fully briefed. [R. 83 (Response)]; [R. 84 (Reply)]. All three motions are ripe for review. For the reasons set forth below, the Court will deny the Motion for Summary Judgment, [R. 75], without prejudice, and deny as moot Latham's Motion to Strike, [R. 77], and Bliss's Motion to Strike, [R. 82].

**I. BACKGROUND**

The Sixth Circuit provided a detailed recitation of the factual and procedural history of this case in *Bliss Collection, LLC v. Latham Companies, LLC*, 82 F.4th 499, 503–05 (6th Cir. 2023). The Court provides only a brief overview here.

In 1999, three women (Shannon Latham, Elizabeth McLean, and Jennifer Vernooy) formed Bliss and began selling children's clothing under the name "bella bliss." *Id.* at 503. In 2003, Shannon Latham left Bliss and started her own children's clothing company, Latham Companies, LLC, doing business as "little english." *Id.* at 504. As the Sixth Circuit noted, the parties "have had a long and acrimonious relationship" since Shannon[1] left Bliss to start her own company. *Id.* at 503. For example, in 2005, Bliss sued Latham for copyright infringement, false designation of origin, unfair competition, and misappropriation of confidential information and trade secrets. *Id.* at 504–05; *see also* [R. 11-6 (2005 Complaint)]. Those claims arose from Latham's alleged sale of children's clothing items with fabric designs that were identical or substantially similar to Bliss's fabric designs. [R. 11-6, ¶¶ 13–24]. That case ultimately settled. *Bliss*, 82 F.4th at 505.

Then, in 2020, Latham sued Bliss in Kentucky state court, alleging breach of contract and tortious interference. *Id.*; *see also* [R. 11-9 (2020 State Court Complaint)]. On May 22, 2020, only three months after the initiation of the state court lawsuit, Bliss sued Latham in this Court. [R. 1]. Bliss eventually filed an Amended Complaint, asserting the following causes of action: (1) federal copyright infringement, (2) federal trademark infringement, (3) federal trade dress infringement, (4) federal false designation of origin and misappropriation of source, (5) federal unfair competition, (6) trademark infringement under Kentucky common law, and (7) unfair competition under Kentucky common law. *See* [R. 11].

Latham filed a motion to dismiss the Amended Complaint, [R. 14], which the Court granted in part, dismissing Bliss's federal copyright and trade dress infringement claims. [R. 22].

---

[1] The Court refers to Shannon Latham by her first name to avoid confusion.

Later, after Latham filed a Motion for Reconsideration, [R.28], the Court dismissed the remaining claims. [R. 36].

Bliss appealed this Court's dismissal of its claims for federal trademark infringement, federal trade dress infringement, and trademark infringement under Kentucky common law. *See Bliss*, 82 F4th at 505–06. The Sixth Circuit affirmed this Court's dismissal of the federal trade dress infringement claim but reversed on the claims for federal trademark infringement and state common law trademark infringement. *Id.* at 516.

On remand, Latham filed the pending Motion for Summary Judgment, arguing that the remaining claims are barred under the doctrine of laches. [R. 75 (Motion for Summary Judgment)]; [R. 73 (Memorandum in Support of Motion for Summary Judgment)]. In response, Bliss argues that the motion is "extremely premature," as there has been no scheduling order entered in this case, nor any discovery between the parties. [R. 76, pp. 2, 9–11]. Bliss therefore asks that the motion be denied without prejudice under Federal Rule of Civil Procedure 56(d). *Id.* at 2, 11. Alternatively, Bliss argues that the motion should be denied because there are genuine disputes of fact material to the laches issue. *Id.* at 11–20. Latham then moved to strike two declarations attached to Bliss's response. *See* [R. 77]. Bliss, in turn, moved to strike certain exhibits attached to Latham's reply in support of its Motion for Summary Judgment. [R. 82].

All three motions are ripe and ready for review. For the reasons set forth below, the Court will deny without prejudice the Motion for Summary Judgment, [R. 75], and deny as moot Latham's Motion to Strike, [R. 77], and Bliss's Motion to Strike, [R. 82].

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56, a court may grant summary judgment if it first finds that "there is no genuine dispute as to any material fact and the movant is entitled to

judgment as a matter of law." Fed. R. Civ. P. 56(a). "A genuine dispute of material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Winkler v. Madison County*, 893 F.3d 877, 890 (6th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

The moving party bears the initial burden "of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *see also Anderson*, 477 U.S. at 256. That burden may be satisfied by demonstrating that there is an absence of evidence to support an essential element of the non-moving party's case for which he or she bears the burden of proof. *Celotex Corp.*, 477 U.S. at 323. Once the moving party satisfies this burden, the non-moving party thereafter must produce "specific facts, supported by the evidence in the record, upon which a reasonable jury could find there to be a genuine fact issue for trial." *Bill Call Ford, Inc. v. Ford Motor Co.*, 48 F.3d 201, 205 (6th Cir. 1995) (citation omitted). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255. However, the Court is not obligated to "search the entire record to establish that it is bereft of a genuine issue of material fact." *In re Morris*, 260 F.3d 654, 665 (6th Cir. 2001) (citations omitted). Rather, "the nonmoving party has an affirmative duty to direct the court's attention to those specific portions of the record upon which it seeks to rely to create a genuine issue of material fact." *Id.* Moreover "[t]he mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson*, 477 U.S. at 252.

Ultimately, if the record, taken as a whole, could not lead the trier of fact to find for the nonmoving party, then there is no genuine issue of material fact and summary judgment is appropriate. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citations omitted).

### III. ANALYSIS

As a threshold matter, the Court must first clarify which claims are before it. As noted above, Bliss originally raised the following causes of action: (1) federal copyright infringement, (2) federal trademark infringement, (3) federal trade dress infringement, (4) federal false designation of origin and misappropriation of source, (5) federal unfair competition, (6) trademark infringement under Kentucky common law, and (7) unfair competition under Kentucky common law. *See* [R. 11]. The Court dismissed each of these claims. [R. 22]; [R. 36]. On appeal, Bliss "argue[d] that the district court erred in dismissing its claims for federal trademark infringement, federal trade dress infringement, and trademark infringement under Kentucky common law." *Bliss*, 82 F.4th at 505–06. The Sixth Circuit ultimately affirmed this Court's dismissal of the federal trade dress infringement claim but reversed on the claims for federal trademark infringement and trademark infringement under Kentucky common law. *Id.* at 516. These are the two claims currently before the Court on remand.

Nevertheless, both parties insist that the claims for false designation of origin and unfair competition are also before the Court. [R. 73, p. 2 ("[T]his case is again before the Court on Count II of the [Amended Complaint] for consideration of the trademark infringement and related claims of false designation of origin as well as the Kentucky claims of trademark infringement and unfair competition. . . ."); [R. 76, pp. 1–2 (noting that the Sixth Circuit "remanded the case back to this Court for further proceedings on Bella Bliss' claims for

- 5 -

trademark infringement, false designation of origin, and the Kentucky state law claims of trademark infringement and unfair competition"). However, the Sixth Circuit made clear in its opinion that "Bliss [did] not challenge the dismissal of its claims for federal copyright infringement, federal false designation of origin and misappropriation of source, federal unfair competition, and unfair competition under Kentucky common law." *Bliss*, 82 F.4th at 506, n.3. Simply put, Bliss did not appeal the dismissal of these claims, and it cannot now revive them on remand. Accordingly, the claims presently before this Court include only the claims for federal trademark infringement and trademark infringement under Kentucky common law. *Bliss*, 82 F.4th at 516.

Having clarified which claims remain, the Court turns next to the pending motions.

### A.  Latham's Motion to Strike, [R. 77]

In its Motion to Strike, [R. 77], Latham asks the Court to strike a declaration and an affidavit, both of which were submitted by Bliss in response to Latham's Motion for Summary Judgment and in support of Bliss's request for additional discovery. *See* [R. 76-1 (McLean Declaration)]; [R. 76-2 Bonner Affidavit)]. Latham makes no objection to the substance of the declaration and affidavit in its Motion to Strike; instead, Latham argues that the documents fail to comport with 28 U.S.C. § 1746. [R. 77]. Pursuant to that provision, where a matter is required or permitted to be supported or proven by a sworn declaration, an unsworn declaration may be used instead, so long as it is subscribed under penalty of perjury. 28 U.S.C. § 1746. More specifically, for unsworn declarations executed in the United States, the declarant must "declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct." *Id.* § 1746(2).

In the present case, the subject declaration and affidavit fail to state that they were made "under penalty of perjury." *See* [R. 76-1 (McLean Declaration)]; [R. 76-2 Bonner Affidavit)]. Without this declaration, Latham argues, neither document can be considered an unsworn statement under § 1746. [R. 77, p. 2]. Latham therefore insists that the documents must be stricken from the record, as such statements cannot be used to oppose its Motion for Summary Judgment. *Id.* at 2–3 (citing case law regarding general rule that unsworn statements, not made under penalty of perjury, cannot be used to support or oppose a motion for summary judgment).

In response to this argument, Bliss filed a "Notice of Substitution of Declaration of Elizabeth (Lisa) McLean and Affidavit of Tony F. Bonner." [R. 80]. Attached to the notice is a revised version of the McLean Declaration, in which Ms. McLean "declare[s] under the penalty of perjury that [her statements are] true and correct." [R. 80-1, p. 7 (Substituted McLean Declaration)]. Also attached is a revised version of the Bonner Affidavit, in which Mr. Bonner makes a similar declaration under penalty of perjury. [R. 80-2, p. 4 (Substituted Bonner Affidavit)]. Bliss explains that it attaches these revised statements because the "original declarations inadvertently omitted a specific attestation that the statements were true and correct under penalty of perjury pursuant to 18 U.S.C. § 1746," but the substance of the statements has not changed, and it "has merely added in the attestation in order to remedy any defect in form." [R. 80, p. 1]; *see also* [R. 79 (Bliss's Response to Motion to Strike)]. Bliss therefore asks the Court to accept the substituted statements and deny the Motion to Strike, noting the lack of prejudice to Latham. *See* [R. 79].

In its reply, Latham acknowledges that Bliss could have admitted that the declarations were deficient, agreed to strike them, then moved to substitute the revised declarations. [R. 81, p. 1, n.1]. Essentially, this is what Bliss has done, though it filed its revised declarations through

a "notice" rather than a motion. *See* [R. 80]. Indeed, Latham "acknowledges that the Court may accept the substituted Declarations, but the Court does not have to." [R. 81, p. 4]. Yet, other than arguing that the *original* statements are improper and it would suffer prejudice if the Court accepted the *original* statements, Latham offers no reason why the Court should reject the substituted declaration and affidavit.

The substituted declaration and affidavit comport with § 1746, and Latham does not argue otherwise. And while the substituted statements may have been attached to a "notice," Bliss's response brief makes clear that it intended to file a motion to substitute. [R. 79, p. 2 ("In response, Plaintiff hereby submits this Opposition to the Motion to Strike and has concurrently filed a Motion to Substitute. . . .")]. Accordingly, the Court will construe the notice as a Motion to Substitute, [R. 77], will grant that motion, and will deny the Motion to Strike, [R. 77], as moot.

### B. Bliss's Motion to Strike, [R. 82]

Bliss has also filed a Motion to Strike. [R. 82]. Bliss seeks to strike certain exhibits attached to Latham's reply in support of its Motion for Summary Judgment, arguing that the "new evidence" should have been attached to the motion itself, not the reply brief. *Id.* However, the Court finds it appropriate to allow an opportunity for discovery and will deny the underlying Motion for Summary Judgment without prejudice and without considering the merits, as explained below. Because the Court is not considering the subject exhibits to rule on the merits of the Motion for Summary Judgment at this time, the Court will deny Bliss's Motion to Strike, [R. 82], as moot.

### C. Latham's Motion for Summary Judgment, [R. 75]

Latham argues that Bliss's trademark infringement claims, arising under both federal and state law, are barred by the doctrine of laches. *See, e.g.*, [R. 73, p. 2]. In response to Latham's laches argument, Bliss argues that the motion is premature because the parties have not yet engaged in discovery. *See* [R. 76, pp. 2, 11]. Given the fact-specific analysis required to resolve Latham's laches argument, the Court agrees. *See generally Campfield v. Safelite Group, Inc.*, No. 2:15-cv-2733, 2019 WL 13079480, *7 (S.D. Ohio Mar. 28, 2019) (explaining that the doctrine of laches is "inherently fact specific" and, as a result, courts are generally unwilling to grant a motion to dismiss based on laches).

As noted above, Bliss's federal trademark infringement claim is before the Court on remand, and that action arises under the Lanham Act. *See* [R. 11, ¶¶ 197, 201]. That Act does not contain a specific statute of limitations, so determining "whether a [Lanham Act] claim is barred due to a delay in filing depends upon the equitable doctrine of laches." *DayCab Company, Inc. v. Prairie Technology, LLC*, 67 F.4th 837, 854 (6th Cir. 2023) (citing *Kehoe Component Sales Inc. v. Best Lighting Products, Inc.*, 796 F.3d 576, 584 (6th Cir. 2015)). Laches, in turn, is defined as "the negligent and unintentional failure to protect one's rights." *Kehoe Component Sales*, 796 F.3d at 584 (quoting *Nartron Corp. v. STMicroelectronics, Inc.*, 305 F.3d 397, 408 (6th Cir. 2002)) (internal quotation marks omitted). Generally speaking, to successfully assert laches, a party "must show '(1) lack of diligence by the party against whom the defense is asserted, and (2) prejudice to the party asserting it.'" *DayCab Company*, 67 F.4th at 854 (quoting *Nartron*, 305 F.3d at 408).

In the context of the Lanham Act, the Sixth Circuit has "developed a framework that helps add substance to the general equitable principles embodied in the doctrine." *Id.* Specifically,

> [f]or claims under the Lanham Act, the laches period begins to run when the plaintiff has "actual or constructive knowledge of the alleged infringing activity." [*Nartron*, 305 F.3d at 408]. If the plaintiff has filed its Lanham Act claim within the time that it would have been required to file in the forum state a state-law claim for injury to personal property, then the plaintiff's delay in asserting its rights is presumptively reasonable. *See id.* But a delay beyond the analogous limitations period "is presumptively prejudicial and unreasonable." *Id.*; *see also Herman Miller, Inc. v. Palazzetti Imports & Exports, Inc.*, 270 F.3d 298, 321 (6th Cir. 2001).

*Kehoe Component Sales*, 796 F.3d at 584–85. Stated another way, "[a] plaintiff's delay in asserting its rights is presumptively reasonable as long as an analogous state statute of limitations has not passed." *DayCab Company*, 67 F.4th at 854 (citing *Nartron*, 305 F.3d at 408). And to determine whether the analogous statute of limitations has passed, the Court must consider when the plaintiff had "actual or constructive knowledge of the alleged infringing activity." *Kehoe Component Sales*, 796 F.3d at 584 (quoting *Nartron*, 305 F. 3d at 408) (internal quotation marks omitted).

In the present case, Latham argues, and Bliss does not dispute, that the applicable state statute of limitations is two years. [R. 73, p. 11]; [R. 76, p. 11]. But even assuming that the relevant statute of limitations is two years, the parties contest when Bliss knew or should have known of the alleged infringement. Latham, for its part, argues that it began using one of its allegedly infringing logos approximately eight years prior to this 2020 lawsuit, and a second allegedly infringing logo roughly three years prior to the suit. [R. 73, p. 12]. Given this timeline, Latham argues that "Bliss delayed more than the two-year period of limitations in bringing its trademark infringement claims," apparently arguing (without citation to evidence) that Bliss must have known or should have known of the allegedly infringing use. *Id.* at 13. Latham then spends the remainder of its motion arguing prejudice and further insisting that "[t]here are no facts which Bliss can establish to rebut the presumption of its unreasonable delay in bringing these claims and the resulting prejudice to Latham." *Id.* at 13–15. In response, Bliss notes that

Latham has failed to point to any direct evidence of Bliss's actual or constructive knowledge, and regardless, Bliss's own evidence suggests that it learned of the alleged infringement in 2020, within the limitations period. [R. 76, pp. 12–13]. Bliss also disputes that it unreasonably delayed bringing suit and that Latham suffered prejudice, and it also argues that its claims persist due to Latham's continued infringement. *Id.* at 15–20.

Perhaps more importantly, Bliss argues that Latham's pre-discovery Motion for Summary Judgment is premature and asks this Court to deny the motion without prejudice and allow the parties time to engage in discovery, citing Rule 56(d). *Id.* at 9–12. Under that rule, the Court can defer or deny a motion for summary judgment and/or allow time for discovery if the nonmoving party demonstrates, by affidavit or declaration, that "it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). Here, Bliss notes that no discovery has taken place in this federal case, either prior to the initial dismissal of its claims or on remand. [R. 76, p. 9].

True, Rule 56 "contemplates that a defending party may move for summary judgment even before any discovery has been taken." *See Mills v. Baptist Health Corbin*, No. 6:23-CV-15-CHB, 2024 WL 2734940, *3 (E.D. Ky. May 28, 2024) (quoting *Short v. Oaks Corr. Facility*, 129 F. App'x 278, 280 (6th Cir. 2005)) (internal quotation marks omitted); *see also* Fed. R. Civ. P. 56(b) ("Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery."). However, "'[t]he general rule is that summary judgment is improper if the non-movant is not afforded a sufficient opportunity for discovery.'" *Zakora v. Chrisman*, 44 F.4th 452, 479 (6th Cir. 2022) (quoting *Vance v. United States*, 90 F.3d 1145, 1148 (6th Cir. 1996)); *see also Jefferson v. Chattanooga Pub. Co.*, 375 F.3d 461, 463 (6th Cir. 2004) (citations omitted) ("Rule

56(b) allows a defendant to file the motion at any time, so long as the non-moving party has had sufficient time to engage in discovery."); *E. Kentucky Cardiothoracic Surgery, P.S.C. v. Ashland Hosp. Corp.*, 119 F. App'x 715, 717 (6th Cir. 2004) ("A court may rule on a motion for summary judgment only after the nonmoving party has had adequate time for discovery.") (cleaned up). As a result, "[s]ummary judgment motions filed before the close of discovery are often denied as premature in the Sixth Circuit." *Ostrander v. Smith*, No. 23-10803, 2023 WL 6812644, at *1 (E.D. Mich. Aug. 17, 2023), report and recommendation adopted, No. 23-CV-10803, 2023 WL 6812056 (E.D. Mich. Oct. 16, 2023) (counting cases). Ultimately, the Court has "broad discretion to grant or deny additional time before ruling on summary judgment so long as its decision is not 'arbitrary, unjustifiable, or clearly unreasonable.'" *Baker v. Jordan*, No. 3:18-cv-471, 2021 WL 3782896, *2 (W.D. Ky. Aug. 25, 2021) (quoting *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 623 (6th Cir. 2014)).

Under the present circumstances, the Court finds it appropriate to deny the pending Motion for Summary Judgment without prejudice and allow the parties sufficient time to engage in discovery. First, the Court notes that Bliss has properly sought relief under Rule 56(d). In addition to referencing the rule, Bliss has also attached a Rule 56(d) affidavit and a separate declaration. *See* [R. 80-1 Substituted McLean Declaration)]; [R. 80-2 (Substituted Bonner Affidavit)]. That affidavit shows that "for specified reasons, [Bliss] cannot present facts essential to justify its opposition" to the pending Motion for Summary Judgment. Fed. R. Civ. P. 56(d). Specifically, the affidavit explains that "it cannot properly defend itself against Defendant's claims without discovery on several very important issues," including when Bliss acquired actual or constructive notice of the alleged infringing use. [R. 80-2, ¶¶ 4–5]. The affidavit goes on to explain that discovery is needed to discern when Latham's clothing company began using the

logos at issue, the "geographic extent" of the alleged infringing use of the logos, the volume of sales made in connection to those infringing logos, the amount and nature of advertising in connection to those infringing logos, any alleged destruction or loss of relevant evidence relating to the logos, "the intent of Little English in adopting the logos which could give rise to a claim of unclean hands," and "the basis for the claim of substantial use of the infringing logos from 2012 to 2020 that would impute knowledge on Bella Bliss under the laches standard." *Id.* ¶ 5. Bliss's declaration similarly cites to the need for discovery on these issues. [R. 80-1, ¶ 19]; *see also* [R. 76, p. 9–11 (discussing the need for additional discovery)].

Having reviewed the briefing and the parties' exhibits, including Bliss's Rule 56(d) affidavit and declaration, the Court finds that at least some of the issues require further factual development. For example, Latham fails to cite to any evidence conclusively establishing that Bliss knew or should have known of Latham's allegedly infringing use more than two years before filing suit. Instead, Latham points to evidence of the allegedly infringing use and appears to argue that Bliss knew or should have known of that use based on its involvement in the local children's clothing market and its status as a competitor. *See, e.g.*, [R. 78, p. 2]. Bliss, on the other hand, asserts that it "first discovered Little English had implemented two confusing similar logos" in 2020, when defending the state court lawsuit. [R. 76, p. 4]; [R. 80-1, ¶ 13 (McLean Declaration)]. Simply put, both sides have presented some evidence regarding the knowledge issue, and further factual development is necessary.

Further, even assuming that Latham can demonstrate that Bliss knew or should have known of the allegedly infringing use more than two years prior to filing suit, this only creates a presumption that the delay was unreasonable and prejudicial. *See, e.g.*, *Kehoe Component Sales*, 796 F.3d at 584–85. The law provides that Bliss may then rebut that presumption by

"(1) rebut[ting] the presumption of prejudice; (2) establish[ing] that there was a good excuse for its delay; or (3) show[ing] that the defendant engaged in 'particularly egregious conduct which would change the equities significantly in plaintiff's favor.'" *Nartron*, 305 F.3d at 409 (citation omitted). Bliss's briefing, the Bonner Affidavit, and the McLean Declaration all indicate that Bliss intends to conduct discovery on these issues, which are relevant to the matter before the Court.

Given these numerous disputed issues that need further factual development on both sides, the Court finds it would be premature to grant the motion, and in any event, there are multiple genuine issues of disputed material fact. It is therefore appropriate to deny the Motion for Summary Judgment without prejudice and allow the parties to proceed with discovery under Rule 56(d). *See generally DayCab Company*, 67 F.4th at 856 (noting that a laches determination "is not always appropriate at summary judgment, if the issue implicates questions of fact appropriate for resolution at trial" (citation omitted)); *see also id.* at 856 n.2 (discussing "authority indicating that it may be appropriate for the court to address laches only after certain factual matters are litigated and resolved").

## IV. CONCLUSION

For the reasons set forth above and in accordance with Rule 56(d), the Court finds it appropriate to deny Latham's Motion for Summary Judgment, [R. 75], without prejudice and allow the parties to engage in discovery. The pending Motions to Strike, [R. 77], [R. 82], will be denied as moot, for the reasons stated above.

**IT IS HEREBY ORDERED** as follows:

1. Bliss's Notice of Substitution, which the Court construes as a Motion to Substitute, [**R. 80**], is **GRANTED**. The revised declaration, [R. 80-1], and revised affidavit,

[R. 80-2], are **SUBSTITUTED** in place of the original declaration, [R. 76-1], and original affidavit, [R.76-2].

2. Latham's Motion to Strike, [**R. 77**], is **DENIED as moot**.

3. Bliss's Motion to Strike, [**R. 82**], is **DENIED as moot**.

4. Latham's Motion for Summary Judgment, [**R. 75**], is **DENIED without prejudice**.

5. Pursuant to this court's Standing Case Management and Referral Order, [R. 65], this matter is referred to United States Magistrate Judge Matthew A. Stinnett for, among other things, entering an appropriate scheduling order.

This the 10th day of February, 2025.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY

cc: Stinnett Chambers